UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAS TSYMBALISTYI,<br><br>                             Plaintiff,<br>v.<br><br>CHRISTINE LIN, et. al,<br><br>                            Defendant. | Case No.: 18-cv-722-GPC-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**[DKT. NO. 6.]** |

On June 11, 2018, Defendant, the United States, filed a Motion to Dismiss Plaintiff's Complaint. Dkt. No. 6. Plaintiff filed this case on November 28, 2017 in the Superior Court of San Diego. Dkt. No. 1-2. On April 12, 2018, Defendants removed this case from the Superior Court to the Southern District of California and moved to substitute the United States as the correct Defendant in this case. Dkt. No. 1-2. On April 16, 2018, this Court granted the United States' motion to substitute the United States as the proper Defendant in this case. On June 11, 2018, Defendant filed a Motion to Dismiss asserting that Plaintiff had failed to exhaust her administrative remedies prior to the filing of this suit. Dkt. No. 6. On June 16, 2018, this Court issued a briefing schedule establishing that any response should be filed on or by June 26, 2018 and that any reply be filed on or by July 3, 2018. Plaintiff did not file an opposition; therefore Defendant's motion is unopposed. *See* Dkt. No. 7.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court will **GRANT** Defendant's Motion to Dismiss without prejudice because (1) Plaintiff has failed to exhaust her administrative remedies and (2) Plaintiff has failed to oppose the motion to dismiss.

I.  **Failure to Exhaust**

Exhaustion of the claims procedures established under the Federal Tort Claims Act is a prerequisite to district court jurisdiction. *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983). The FTCA provides a limited waiver of sovereign immunity that allows a party to sue the United States for certain common law torts caused by a federal agency or employee. 28 U.S.C. § 2679. The FTCA requires a prospective claimant to file an administrative claim with the agency whose employees' alleged conduct caused the asserted tort as a predicate to filing an FTCA lawsuit in federal court. 28 U.S.C. § 2675. Failure to file the administrative claim bars a federal district court from obtaining jurisdiction to decide a party's claim. As a jurisdictional prerequisite, an FTCA action can only be initiated "once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months." *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 253 (E.D. Cal. 2011) (citing 28 U.S.C. § 2675(a)). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).

The Complaint does not allege that Plaintiff has filed an administrative tort claim with the Department of Health and Human Services prior to the filing of her complaint. Moreover, Defendant has presented evidence that a claim has never been presented to the Department of Health and Human Services' Claims Branch. Torres Decl. ¶¶ 2-6. Accordingly, the Court lacks subject matter jurisdiction to consider her FTCA claims and will **GRANT** Defendant's motion to dismiss without prejudice.

## II. Failure to Respond

In the alternative, the Court will also grant Defendant's Motion to Dismiss as unopposed. Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1.f.3.c. While "[f]ailure to follow a district court's local rules is a proper ground for dismissal," courts must consider the following factors before dismissing a case on such a ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citation and internal quotation marks omitted).

First, the Court finds the public's interest in expeditious resolution of litigation weighs in favor of dismissal, as Plaintiff's claims against Defendant will be entirely resolved without further delay if the motion is granted. Second, the Court's need to manage its docket also weighs in favor of dismissal as Plaintiff has not made a single filing with this Court in the approximately two months since the action was filed. Dkt. No. 1. Third, the risk of prejudice to Defendant weighs against dismissal as there is no evidence that continuing with this case would prejudice Defendant. Fourth, the public policy favoring disposition of cases on their merits weighs against dismissal; yet, Plaintiff's failure to respond to this motion indicates Plaintiff's disregard for disposing of the case on the merits. Finally, the Court is not imposing sanctions, but is instead considering whether to grant an unopposed motion. The Court does not believe that dismissal with prejudice is warranted for the first instance of nonopposition. The lesser dismissal without prejudice suffices. Having considered the above factors, the Court finds they weigh in favor of granting this motion as unopposed. *See Poet v. J.P. Morgan Chase Bank*, No. 3:14-CV-2438-GPC-RBB, 2015 WL 11711828, at *1 (S.D. Cal. Jan. 14, 2015).

3

18-cv-722-GPC-JLB

# CONCLUSION

Based on the foregoing, Defendant's Complaint is **DISMISSED** without prejudice. The hearing set for September 7, 2018 at 1:30 PM is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 10, 2018

Hon. Gonzalo P. Curiel
United States District Judge